THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSE E. QUINTERO #365135            *

        Petitioner                  *

   v.                                       *   CIVIL ACTION NO. GLR-12-1877

IMMIGRATION & CUSTOMS        *
ENFORCEMENT
                                       *
        Respondent
                                       ***

**MEMORANDUM**

Jose E. Quintero, a citizen of Honduras, currently in the custody of the Maryland Division of Correction at the Maryland Correctional Institute ("MCI") in Hagerstown, Maryland, filed the instant petition seeking disposition, pursuant to the Interstate Agreement on Detainers Act ("IAD"), of a detainer filed against him by the Immigration and Customs Enforcement ("ICE"). ECF No. 1. Respondent has filed its Court directed response. ECF No. 4.

Respondent indicates that it lodged its detainer on September 30, 2010, requesting MCI notify ICE when Petitioner is released from state custody in order for ICE to determine whether Petitioner is removable from the United States. Petitioner is not currently in removal proceedings and no final order of deportation has been entered. ECF No. 4, Ex. 2. As Petitioner is neither in the physical nor legal custody of ICE his claim must be dismissed. See Campillo v. Sullivan, 853 F.2d 593, 596 (8th Cir. 1988); Prieto v. Gluch, 913 F.2d 1159, 1161-62 (6th Cir. 1990); Zolicoffer v. U.S. Dept. of Justice, 315 F.3d 538, 540-41 (5th Cir. 2003); Orozco v. U.S. I.N.S., 911 F.2d 539, 541 (11th Cir. 1990); Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994).

Additionally, the Petition must be dismissed as Petitioner is not entitled to the relief he seeks given that the IAD does not apply to ICE civil detainers <u>United States v.Gonzalez-Mendoza</u>, 985 F.2d 1014, 1016 (9th Cir. 1983) (finding that civil detainer filed by immigration authorities was not an indictment, information, or complaint and that IAD did not apply); <u>Argiz v. United States Immigration</u>, 704 F.2d 384. 387 (7th Cir. 1983); <u>see</u> <u>e.g.</u> <u>Wright v. U.S. Dept. of Homeland Sec.</u>, 2009 WL 3711366 (D.Md. 2009); <u>Akinro v. U.S. Dept. of Homeland Sec.</u>, 2006 WL 4071876 (D.Md. 2006).

To the extent the Petition is construed as a request for mandamus relief, it too fails. Under 28 U.S.C. §1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the petitioner.   In order to meet the requirements for mandamus relief, Petitioner must show that he has the clear legal right to the relief sought; that Respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available.  The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361.  <u>See</u> <u>National Association of Government Employees v. Federal Labor Relations Authority</u>, 830 F. Supp. 889, 898 (E.D. Va. 1993).   In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts.[1]  <u>See</u> <u>Shoshone-Bannock Tribes v. Reno</u>, 56 F.3d 1476, 1480 (D.C. Cir. 1995); <u>Plato v. Roudebush</u>, 397 F. Supp. 1295, 1304-05 (D.Md. 1975).

---

[1] A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. <u>Neal v. Regan</u>, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

The undersigned concludes that Petitioner has failed to meet the above established criteria. The Supreme Court "has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." Heckler v. Chaney, 470 U.S. 821, 831 (1985). The concept of prosecutorial discretion as applied to immigration enforcement activity such as a decision to place a particular alien in removal proceedings has specifically been reaffirmed by the Supreme Court. Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 484 (1999). A detainer is not an order of removal and, in the instant case, only indicates that an investigation has been initiated. Thus, to the extent that Petitioner's request seeks to compel ICE to adjudicate his immigration status, his petition fails to state a claim and shall be dismissed.

As Petitioner has made no showing in the instant action which warrants the granting of extraordinary relief, his Petition shall be dismissed.

September 27, 2012                                     /s/
                                              _____
                                              George L. Russell, III
                                              United States District Judge